IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**COMMERCE AND INDUSTRY**
**INSURANCE COMPANY,**

      Plaintiff,

                              **Civil Action 2:16-cv-320**
  v.                           **Judge Algenon L. Marbley**
                              **Magistrate Judge Jolson**

**CENTURY SURETY COMPANY,**

      Defendant.

**OPINION AND ORDER**

On February 28, 2017, this Court held a status conference at the request of counsel to address a discovery dispute. Thereafter, the Court issued an Order directing counsel to complete a discovery-disputes chart and return it to the Court for review. (Doc. 22). The parties have done so; thus, this Court shall now address the discovery disputes as well as a requested extension of the discovery deadline.

**I.    BACKGROUND**

Plaintiff filed this action on April 11, 2016, seeking reimbursement from Defendant for costs it incurred defending Weston Solutions, Inc. ("Weston") in a personal injury lawsuit in Alaska Superior Court. (Doc. 1). The personal injury lawsuit arose out of a soil remediation project in Port Heiden, Alaska. (*Id.* at ¶ 7). Weston was the general contractor for the project, Aniakchak Contractors, Inc. ("Aniakchak") was a subcontractor, and Jacobs Engineering Group, Inc. ("Jacobs") provided project oversight. (*Id.*).

On September 14, 2009, two individuals working on the project—Konan Lind, a driver for Aniakchak and Kathryn Daniel, an engineer for Jacobs—were involved in an accident. (*Id.* at

¶ 10). Plaintiff alleges that "Mr. Lind was driving Ms. Daniel home from a barbeque on his ATV when he claims to have either struck an animal crossing the road or swerved to avoid the animal, flipping his ATV and severely injuring Ms. Daniel." (*Id.*).

Defendant acted as counsel for Weston in the lawsuit that followed, in which Ms. Daniel alleged that Mr. Lind, Weston, and Aniakchak were guilty of negligence, negligence *per se*, and spoliation. (*Id.* at ¶ 12). Ms. Daniel also claimed vicarious liability against Aniakchak and Weston, and direct liability, retained control, and assumed duties against Weston. (*Id.*).

Plaintiff claims that, despite its obligation to do so, Defendant refused cover the cost of Weston's defense, instead insisting that Plaintiff and Defendant should share the defense costs evenly. (*Id.* at ¶ 17). Thus, Defendant agreed to participate in Weston's defense but only subject to a reservation of rights. (*Id.*). Although Plaintiff maintained its position that Defendant was solely responsible for Weston's defense, it agreed to resolve the matter in a separate lawsuit upon conclusion of the personal injury case. (*Id.* at ¶ 18).

Ms. Daniel settled her claims against Aniakchak and Mr. Lind, but her claims against Weston were tried by a jury. (*Id.* at ¶ 18). On May 4, 2015, the jury returned a verdict in favor of Weston, allocating 60% of the fault for the accident to Mr. Lind, 40% to Ms. Daniel, and 0% to Weston and Aniakchak. (*Id.* at ¶ 19). Plaintiff states that it incurred costs of $1,238,374.60 defending Weston. (*Id.* at ¶ 20).

Defendant filed an Answer and Counterclaim asserting, *inter alia*, that Ms. Daniel alleged that Mr. Lind was in the scope of his employment for Weston at the time of the accident, which triggered Plaintiff's duty to defend him. (Doc. 10 at ¶¶ 1–2). In other words, Defendant maintains that Plaintiff "was compelled to provide a defense to Lind on its own." (*Id.* at ¶ 4).

Thus, Defendant claims it is entitled to equitable subrogation against Plaintiff for its wrongful failure to provide Mr. Lind a defense. (*Id*. at ¶ 5).

## II.     TIMELINESS OF DEFENDANT'S DISCOVERY

As an initial matter, Plaintiff objects to all of Defendant's written discovery requests on the ground that they are untimely. Plaintiff states that the discovery requests were issued two weeks before the discovery deadline, making the responses due two weeks after the deadline on March 16, 2017. Plaintiff also asserts that Defendant served its Rule 30(b)(6) deposition notice just ten days in advance of the deposition, which was unreasonable.

Defendant acknowledges that its written discovery requests are untimely in that the responses are due after the discovery deadline. Defendant therefore requests that the discovery deadline be extended. As to its Rule 30(b)(6) notice, Defendant argues that its notice was reasonable and Plaintiff should have proposed an alternative date, rather than refuse to appear.

The Court, in its discretion, finds good cause exists to extend the discovery deadline. Because Plaintiff will not suffer prejudice in light of the May 26, 2017 dispositive motion deadline, the Court **ORDERS** that the discovery deadline be extended until April 28, 2007. The Court likewise **ORDERS** the parties to meet and confer to reach a mutually agreeable place and time to conduct the Rule 30(b)(6) deposition prior to the April 28, 2017 deadline.

## III.    PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DISCOVERY

Plaintiff's objections to Defendant's discovery requests arise from a common theme—that discovery is unnecessary because the allegations in the underlying personal injury action are determinative of the issues in this case. Despite its position, Plaintiff has not moved to stay discovery or otherwise limit the scope of this Court's review to the record in the personal injury action. Upon review of the claims and defenses asserted in this case, the Court finds that there

may be merit in Plaintiff's position that the evidence necessary to resolve this matter is limited. However, the Federal Rules of Civil Procedure do not require the Court to make a preliminary decision limiting discovery to the precise evidence necessary to prosecute or defend an action.

To the contrary, the Federal Rules of Civil Procedure permit broad discovery. *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). That is, a party may obtain discovery regarding any non-privileged matter that is relevant to any claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The proportionality analysis examines the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*. The party seeking discovery does not bear the burden of addressing all of the proportionality factors, and a responding party may not refuse discovery simply by making a boilerplate objection that the information requested is not proportional. *See* Advisory Committee Notes to December 1, 2015 amendments.

Based on the foregoing, Plaintiff's general objection that discovery is unnecessary is without merit. Consequently, the Court examines Plaintiff's more specific objections to Defendant's discovery requests, which appear to fall into two categories. First, Plaintiff contends that Defendant's discovery requests are irrelevant and disproportional to the needs of this case. Second, Plaintiff asserts that Defendant's discovery requests are unnecessary because counsel have equal access to the requested information.

    A.    **Objections Based on Irrelevance and Disproportionality**

        1.    **Requests for Admission Nos. 1–4, Interrogatories Nos. 11–12**

Plaintiff contends that following discovery requests are irrelevant and disproportional:

**Defendant's Request for Admission No. 1**
Please admit that at the time of the accident in the Underlying Litigation, Konan Lind was not in the course and scope of his employment with Aniakchak.

**Defendant's Request for Admission No. 2**
Please admit that at the time of the accident in the Underlying Litigation, Konan Lind was not in the course and scope of his employment with Weston.

**Defendant's Request for Admission No. 3**
Please admit that as of September 14, 2009, Weston had completed its work for the Port Heiden Remediation Project for the 2009 season.

**Defendant's Request for Admission No. 4**
Please admit that as of September 14, 2009, Aniakchak had completed its work for the Port Heiden Remediation Project for the 2009 season.

**Defendant's Interrogatory No. 11**
If you contend that Weston had any further work to perform for the Port Heiden Remediation Project for the 2009 season at the time of the accident in the Underlying Litigation, please identify all such work and when it was completed.

**Defendant's Interrogatory No. 12**
If you contend that Aniakchak had any further work to perform for the Port Heiden Remediation Project for the 2009 season at the time of the accident in the Underlying Litigation, please identify all such work and when it was completed.

Each of these requests concern the course and scope of the remediation project relevant to Mr. Lind (RFAs Nos. 1–2), Weston (RFA No. 3, Interrog. No. 11), and Aniakchak (RFA No. 4, Interrog. No. 12). Plaintiff argues that the scope of Mr. Lind's employment and the status of the work undertaken by Weston and Aniakchak have no bearing on Defendant's duty to defend. Rather, Plaintiff claims that the allegations in the personal liability action control.

In opposition, Defendant explains that it seeks the discovery in Requests for Admission Nos. 1 and 2 because Mr. Lind was not insured under its policy if he was not in the course and scope of his employment with Aniakchak at the time of the accident. With respect to Request for Admissions Nos. 3 and 4 and Interrogatory Nos. 11 and 12, Defendant seeks the information to

5

determine which specific policy endorsement *i.e.*, "on-going operations" or "completed operations" may be applicable.

Here, the requested information pertains to the issue at the heart of this case—whether and under which provision Defendant had a duty to defend in the underlying action. Although Plaintiff characterizes its objections as based on relevance and proportionality, they are really a variation on its general theme that no discovery should be permitted in this case. Given the broad scope of discovery permitted by the Federal Rules, the Court **OVERRULES** Plaintiff's objections to these requests.

### 2. Interrogatory No. 7

The Court reaches the same conclusion with respect to Interrogatory No. 7, which Plaintiff likewise contends is irrelevant and disproportional because the underlying allegations control. That request provides:

> **Defendant's Interrogatory No. 7**
> Please describe your investigation into the facts associated with the Underlying Claim and determination of Commerce and Century's contractual obligations to provide either Weston, Aniakchak, or Konan Lind with a defense to the allegations asserted by Kathryn Daniel.

Here, the information is relevant to whether Plaintiff was compelled to provide its own defense to Mr. Lind. Additionally, Defendant seeks to discover what information led Plaintiff to its coverage decisions in the underlying case. The broad discovery permitted by the Federal Rules permits Defendant to explore those facts. Accordingly, the Court **OVERRULES** Plaintiff's objection to Interrogatory No. 7.

### 3. Deposition Topics Nos. 7–9

Plaintiff claims that Defendant's Deposition Topic Nos. 7, 8, and 9 are not only irrelevant and disproportional, but they are also unduly burdensome. Those requests provide:

**Defendant's Deposition Topic No. 7**
The circumstances surrounding the barbecue alleged in the Underlying Litigation.

**Defendant's Deposition Topic No. 8**
The circumstances surrounding the accident alleged in the Underlying Litigation.

**Defendant's Deposition Topic No. 9**
The relationship between Konan Lind, Aniakchak and Weston alleged in the Underlying Litigation.

As to Request for Admissions Nos. 3 and 4 and Interrogatory Nos. 11 and 12, Defendant seeks the information in Deposition Topic Nos. 7, 8, and 9 to determine which specific policy endorsement *i.e.*, "on-going operations" or "completed operations" may be applicable. Thus, topics are relevant and proportional. Further, preparing and producing a witness for a deposition on these topics is not, as Plaintiff contends, unduly burdensome. Hence, the Court **OVERRULES** Plaintiff's objection to Deposition Topic Nos. 7, 8, and 9.

### 4. Deposition Topics Nos. 10–11

Plaintiff claims that Defendant's Deposition Topic Nos. 10 and 11 are not only irrelevant and disproportional, but they are also call for a legal opinion and are unduly burdensome. Those topics state:

**Defendant's Deposition Topic No. 10**
The terms and details of the Century Policy.

**Defendant's Deposition Topic No. 11**
The terms and details of the Commerce Policy.

At base, Plaintiff's position is that the agreements speak for themselves and are not a proper topic of deposition testimony. This Court disagrees. Testimony concerning Plaintiff's

understanding of the relevant insurance policies bears on the issues at stake in this action, does not constitute a legal opinion, and is not unduly burdensome. *See, e.g.*, *Little Hocking Water Ass'n. Inc. v. E.I. Du Pont de Nemours & Co.*, No. 2:09-cv-1081, 2013 WL 1791083, at *6 (S.D. Ohio Apr. 26, 2013) (stating a response indicating that a document "speaks for itself" is impermissible under the Federal Rules of Civil Procedure). Accordingly, the Court **OVERRULES** Plaintiff's objection to Defendant's Deposition Topic Nos. 10 and 11.

### 5. Deposition Topic Nos. 3 and 4

Plaintiff claims that Defendant's Deposition Topic Nos. 3 and 4 are irrelevant, disproportional, unduly burdensome, and overly broad. Those topics are:

> **Defendant's Deposition Topic No. 3**
> The defense and settlement of all claims against Konan Lind, Aniakchak and Weston in the Underlying Litigation.
>
> **Defendant's Deposition Topic No. 4**
> All communications by Commerce or any representative or claim administrator with Weston, Aniakchak, Konan Lind or Century concerning the Underlying Litigation, including but not limited to notice of claims and tender of defense and indemnity.

Defendant seeks this information to determine the facts relevant to Plaintiff's litigation strategy and justification of its defense costs in the underlying action. Plaintiff may invoke the attorney-client privilege to the extent that any attorney-client communications may be implicated, but the information is otherwise relevant, proportional, and not unduly burdensome. Hence, the Court **OVERRULES** Plaintiff's objection to Defendant's Deposition Topic Nos. 3 and 4.

### B. Objections Based on Equal Access

Plaintiff objects to the following discovery requests on the ground that Defendant has equal access to the requested information:

> **Defendant's Request for Admission No. 12**
> Please admit that at all times the Underlying Litigation included claims of direct

8

negligence against Weston.

**Defendant's Request for Admission No. 13**
Please admit the Second Amended Complaint in the Underlying Litigation includes claims of direct negligence against Weston.

**Defendant's Request for Admission No. 14**
Please admit that (Ex. G) is a true and accurate copy of the Second Amended Complaint in the Underlying Litigation.

**Defendant's (Second) Request for Admission No. 14**
Please admit that on p. 4 of her Opposition to Weston's Motion for Summary Judgment, Plaintiff Kathryn Daniel argued that "[o]n September 14, 2009, Weston sponsored and hosted a company barbecue (BBQ) to commemorate the end of the Project."

**Defendant's Request for Admission No. 15**
Please admit that on pp. 65-66 of her Opposition to Weston's Motion for Summary Judgment, Plaintiff Kathryn Daniel argued that "[t]he evidence demonstrates that a master-relationship existed between Weston and Lind" and "Weston was Lind's master".

**Defendant's Request for Admission No. 17**
Please admit that throughout her Opposition to Weston's Motion for Summary Judgment, Plaintiff Kathryn Daniel argued that Weston's independent negligence caused the accident under the Underlying Litigation.

**Defendants Interrogatory No. 5**
Please identify all documents, correspondence, email, or other tangible forms of communication exchanged between Commerce and Century in regarding to the allegations contained in your Complaint.

**Defendants Request for Production of Documents No. 6**
Please produce all pleadings in your possession from the Underlying Litigation.

Because these requests are for information within the scope of discovery but to which the parties may have equal access, the Court **ORDERS** the parties to meet and confer in an effort to reach a resolution on them.

### C. Waiver of Deposition Topics

Finally, Defendant expressed its willingness to waive the following topics if Plaintiff is willing to reschedule the Rule 30(b)(6) deposition. Because the Court has extended the relevant

9

deadline and ordered the deposition to proceed before that date, the Court finds that Defendant **WAIVES** the following deposition topics:

> **Defendants Deposition Topic No. 2**
> Weston's negotiation, purchase, issuance, and any amendment of any policy issued to Weston by Commerce.
>
> **Defendants Deposition Topic No. 12**
> The allegations, pleadings, motions, evidence, settlements and judgments in the Underlying Litigation.

## IV. CONCLUSION

The Court **ORDERS** that the discovery deadline be extended until April 28, 2007. The Court likewise **ORDERS** the parties to meet and confer to reach a mutually agreeable place and time to conduct the Rule 30(b)(6) deposition prior to the April 28, 2017 deadline. Further, the Court, in its discretion, **OVERRULES** Plaintiff's Objections, except as set forth in Section III(B) of this Order. Because the requests in Section III(B) are for information within the scope of discovery but to which the parties may have equal access, the Court **ORDERS** the parties to meet and confer in an effort to reach a resolution on them. Finally, the Court finds that Defendant **WAIVES** the following Deposition Topics Nos. 2 and 12.

## Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Eastern Division Order No. 91-3. The motion must specifically designate the order or part in question and the basis for any objection. Responses to the objections are due fourteen days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or

District Judge. S.D. Ohio L.R. 72.3.

    IT IS SO ORDERED.

Date: March 10, 2017                                    /s/ Kimberly A. Jolson
                                                                            KIMBERLY A. JOLSON
                                                                            UNITED STATES MAGISTRATE JUDGE