# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| COMMERCE AND INDUSTRY : <br> INSURANCE COMPANY : <br> : | Case No. 2:16-CV-320 |
| Plaintiff, : <br> : | JUDGE ALGENON L. MARBLEY |
| v. : <br> : | Magistrate Judge Kimberly Jolson |
| CENTURY SURETY COMPANY, : <br> : | |
| Defendant. : | |

## **OPINION & ORDER**

This matter comes before the Court on the parties' cross-Motions for Entry of Judgment. (ECF Nos. 51, 52). This Court earlier decided the parties' cross-Motions for Summary Judgment, granting the motion of Defendant Century Surety Company and denying the motion of Plaintiff Commerce and Industry Insurance Company (C&I). Only the question of costs remains. As set forth below, this Court now allocates the costs of the litigation between the parties.

## I.   BACKGROUND

The underlying event giving rise to this litigation was an ATV accident in Alaska. The accident victim filed a personal injury lawsuit against various insured parties. Based on the allegations in the underlying complaint, both insurance companies became involved in defending those insured parties. The parties have resolved all of the underlying injury claims. This Court has also resolved who should bear what percentages of the costs of defense. The parties now dispute the dollar amount of those percentages of costs, as well as the amount owed by each party in the form of prejudgment interest.

## A. Factual Background

### 1. Negligence Case

Kathryn Daniel was an engineer who worked in Port Heiden, Alaska, the site of an environmental remediation project. (ECF No. 1 at 2). The general contractor on the project was Weston Solutions, Inc.; Aniakchak Contractors, Inc., was a subcontractor that provided local transportation. *Id.* On September 14, 2009, Ms. Daniel was riding home from a work-related barbeque on the back of an ATV driven by Konan Lind, an employee of Aniakchak. *Id.* The ATV crashed, and Ms. Daniel was injured. *Id.* She asserted claims against Mr. Lind as well as against Weston and Aniakchak. *Id.* at 3. She later settled her claims against Mr. Lind and Aniakchak, leaving Weston as the sole Defendant. *Id.* at 4.

Ms. Daniel's case against Weston went to trial in the Superior Court of the State of Alaska. *Id.* The jury returned a verdict for Weston, allocating one hundred percent of the fault for the accident to Ms. Daniel and Mr. Lind. *Id.* Ms. Daniel's claims were thus fully resolved.

### 2. The Insured Parties

C&I insured Weston, and Century insured Aniakchak. (ECF No. 36, Ex. 1). Both policies contain identical language governing the extent to which acts of employees are covered: employees are insured "for acts within the scope of their employment . . . or while performing duties related to the conduct of [the] business." (ECF. No. 37-6 at 9, ECF No. 37-13 at 8). The complaint alleged that Mr. Lind's work was directed and controlled by both companies. (ECF No. 37-4 at 18).

During the litigation surrounding Ms. Daniel's claims, Century—as the insurer of Aniakchak—also agreed to defend Mr. Lind. (ECF No. 36 at 4-5). Mr. Lind's defense counsel tendered defense to C&I as well, but C&I refused to participate in Mr. Lind's defense. *Id.* at 5.

2

C&I *did* agree to defend the allegations against Weston. (ECF No. 37 at 7). Weston's defense counsel also tendered defense to Century, on the basis that the Century Policy included additional coverage for Weston. (ECF No. 36 at 5). Century agreed that it might be responsible for some of Weston's coverage, but because C&I and Century could not agree as to the extent to which the policies interacted, C&I defended Weston alone. (ECF No. 37 at 7).

### 3. Procedural Background

C&I filed litigation against Century seeking reimbursement for 100% of defense costs C&I incurred in defending Weston. Century counterclaimed for 100% of the defense costs Century incurred in defending Mr. Lind. The parties then filed cross-motions for summary judgment (ECF No. 36, 37). The Court denied C&I's motion for summary judgment and granted Century's motion for summary judgment. (ECF No. 49). This Court ordered Century and C&I to allocate the costs of defending Weston on a *pro rata* basis according to limits of both parties. *Id*. at 9. This Court also found that C&I is 100% liable for the cost of defending Lind. *Id*. at 11. The parties then filed cross-motions for entry of judgment.

## III. ANALYSIS

### A. Motion for Reconsideration

Century first alleges that C&I's Motion for Entry of Judgment is in fact a Motion for Reconsideration in disguise. Century argues that C&I's introduction of new arguments and calculations in their Motion constitutes an impermissible Motion for Reconsideration, and that this Court should accordingly accept Century's calculations.

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in

controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003). Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Because C&I has not alleged any of these elements in their Motion for Entry of Judgment, this Court declines to understand this filing as a Motion for Reconsideration, and will instead address the parties' cross-Motions for Entry of Judgment in tandem.

### B. Defense of Weston

#### 1. Duty to Defend

In its order on summary judgment, this Court ruled that Century and C&I must share the defense cost of Weston on a *pro rata* basis (ECF No. 49 at 9). The question for determining the amount each party must pay is when Century's duty to defend Watson was triggered. As discussed in this Court's earlier Opinion and Order (ECF No. 49 at 5), Alaska state law governs this analysis.

There are three letters relevant here. The first is a letter dated February 26, 2013. This letter was sent by Weston to Kevin Fitzgerald, an attorney for Aniakchak. The second is a letter dated March 26, 2013. This letter was set by Mr. Fitzgerald in reply to Weston's February 26 letter. Century was copied on this response letter. The third letter is dated October 14, 2013, and was sent by Weston to Susan Weller, at Century. This letter contained a formal tender offer.

C&I argues that Century's duty to defend was triggered no later than March 26, 2013, because by that date, Century had knowledge of "all of the relevant facts giving rise to its coverage obligations to Weston." (ECF 52 at 3). C&I points to the February 26th letter sent to the defense counsel retained by Century demanding indemnity and asserting a right to coverage. C&I argues this qualifies as a document providing knowledge of the relevant facts of the case.

*Id*. C&I contends that the latest possible date that Century saw this letter and thus gained knowledge was March 26, 2013, when the retained defense counsel copied Century on his response letter to C&I. *Id*. C&I also presents a deposition statement of a litigation specialist affiliated with Century stating that she thought that Weston believed it was entitled to coverage based upon their initial letter. *Id*. C&I asserts that this demonstrates Century representatives read the letter and thus Century understood all of the facts giving rise to litigation, triggering Century's duty to defend under Alaska law. *Id*.

Century argues that the date triggering their duty to defend is October 14, 2013, because that was the date Weston explicitly tendered its defense to Century. (ECF No. 53 at 5). First, Century points to the February 26th letter sent to C&I, which expressly states that Weston needs to contact the insurer and make a tender of defense. *Id*. Century then points to the fact that Weston later explicitly tendered its defense in the letter sent to Century dated October 14, 2013.

Under Alaska law, an insurer's duty to defend arises when the "'vagaries of law and fact' are sufficient to create the potential that an insured will incur covered liability." *Williams v. GEICO Cas. Co.*, 301 P.3d 1220, 1225 (Alaska 2013) (citing *Makarka ex rel. Makarka v. Great Am. Ins. Co.*, 14 P.3d 964, 969 (Alaska 2000)). These facts may be shown "either on the face of the complaint or through facts the insurer knew or could have reasonably ascertained that would bring an otherwise uncovered complaint within the policy's coverage."

The "vagaries of law and fact" indicate that Century's duty to defend was triggered on March 26, 2013, for three reasons. First, in their Motion for Summary Judgment, Century indicates that they agreed with C&I that their coverage may apply to the accident at issue. (ECF No. 36 at 5). This indicates that Century "reasonably ascertained" that a covered claim might arise out of this fact pattern. Second, because of the response letter written by Century's retained

defense counsel. Counsel sent this letter to Weston and copied other counsel at Century. This letter details the events and claims at the center of this dispute. In addition to discussing the events in question, the letter also mentions several legal claims. (ECF No. 37, Ex. 8). Given the contents of this letter, and the fact that it was sent by counsel, by this date Century "reasonably ascertained" their potential liability with respect to the matters discussed.

Third, Century can be understood to have the required knowledge because of statements made by Susan Weller during her deposition. Ms. Weller was a litigation specialist for a company that handles claims on Century's behalf. During her deposition, Ms. Weller stated that through discussions with counsel, the author of the February 26th letter, she understood that Weston believed it was entitled to coverage. (ECF No. 35, Ex. 1 at 42:5-10). Ms. Weller also testified that this conversation took place before counsel wrote the February 26th letter. *Id*. at 41:18-25. Ms. Weller's testimony indicates Century had the requisite notice before they received the response letter, confirming that Century had knowledge of the "vagaries" by March 26, 2013 at the latest. As a result, this Court finds that Century's duty to defend Weston was triggered on March 26, 2013.

## 2. *Pro Rata* Cost

With March 26, 2013 as the start date, this Court must now determine the amount that Century owes C&I for the defense of Weston. Per this Court's earlier Opinion and Order, the parties are to divide the costs of Weston's defense on a *pro rata* basis according to their respective policy limits. (ECF No. 49 at 9). C&I has a policy limit of $2 million per occurrence while Century has a policy limit of $1 million per occurrence.

C&I argues that that, with a $2 million limit per occurrence, they are responsible for two-thirds of Weston's defense costs. (ECF No. 52 at 3). Century asserts that it exhausted its policy

limit on May 19, 2015. (ECF No. 53 at 6). Century also asserts that its defense of Weston began October 14, 2013, the date of the formal tender of defense. *Id.*

The initial burden is on the insurer to prove that a potential area of coverage is, in fact, excluded from coverage. This is true for each of the states whose law is implicated in this case (Alaska, Ohio, Pennsylvania). *See Easy Corner, Inc. v. State Natl. Ins. Co., Inc.*, 154 F. Supp. 3d 151, 154 (E.D. Pa. 2016) (citing *Nationwide Mut. Ins. Co. v. Cosenza*, 258 F.3d 197 (3rd Cir. 2001)); *Herr v. Underwriters at Lloyds of London*, 97 F. Supp. 379, 381 (D. Alaska 1951); *Burlington Ins. Co. v. PMI Am., Inc.*, 862 F. Supp. 2d 719, 738 (S.D. Ohio 2012) (citing *Continental Ins. Co. v. Louis Marx & Co.*, 64 Ohio St.2d 399, 401, 415 N.E.2d 315 (1980)).

Century has provided evidence demonstrating their $1 million policy limit was exhausted on May 19, 2015. *See* ECF No. 35, Ex. 17. Thus, as above, Century's duty to defend was triggered on March 26, 2013, and the policy was exhausted May 19, 2015. Century must reimburse C&I for one-third of the cost to defend Weston between those dates. The total cost of the defense for that period of time was $1,040,305.59, as indicated by C&I. (ECF No. 52 Ex. B, Ex. A). Diving that amount by one third shows that Century owes C&I $346,765.43.

The Court **ORDERS** Century to reimburse C&I in the amount of $346,765.43, one-third of the $1,040,305.59 cost to defend Weston.

### B. Defense of Lind

The next question is how much C&I must reimburse Century for the defense of Lind. The parties dispute the amount owed, but as this Court stated in its earlier Opinion & Order, this is not a question of duty but a question of apportionment. (ECF No. 49 at 11). In its Opinion and Order, this Court noted that under both Alaska and Pennsylvania law, when one policy contains an "other insurance" clause and the other contains a "primary insurance" clause, the primary

issuer is 100% responsible for the cost of the defense. (ECF No. 49 at 11). This Court, citing such language in the policies at issue here, found that Century's policy is excess to the C&I policy for the defense of Lind. *Id*. at 12. Because Century's insurance is considered "other insurance" or "excess insurance", C&I owes Century for the full cost of defending Lind.

Thus, as to the costs of defending Lind, the Court **ORDERS** C&I to reimburse Century for the full cost of defending Lind: $442,295.44.

## C. Prejudgment Interest

Both parties ask for prejudgment interest. In the Sixth Circuit, prejudgment interest is collectible in contract disputes. The recovery rate is the law of the state under whose laws the contract was concluded. *Fed. Deposit Ins. Corp. v. First Heights Bank, FSB*, 229 F.3d 528, 534-542. There are three states relevant here: Alaska, Ohio, and Pennsylvania.

### 1. Prejudgment Interest Owed to C&I for The Defense of Weston

For the defense of Weston, Alaska law controls. Under Alaska law, prejudgment interest is allowed in all civil cases. *State Farm Fire & Cas. Co. v. Nicholson*, 777 P.2d 1152, 1158 (Alaska 1989) (citing *Farnsworth v. Steiner*, 638 P.2d 181, 183-85 (Alaska 1981)). C&I argues for a 5% interest rate on prejudgment interest for cases of breach of contract and argues that the interest accrues from the date of the breach. (ECF No. 52 at 6). Century initially argues for a 10.5% interest rate, but later concedes and allows for a 5% interest rate calculation in this case, in the interest of bring the matter to a close. (ECF No. 53 at 8). Both parties agree the starting date for this calculation is May 19, 2015. (ECF No. 52 at 6, n.2; ECF No. 53 at 8).

For the defense of Weston, Century owes C&I $346,765.43. In addition to this amount, Century owes C&I prejudgment interest at a rate of 5% accruing daily beginning with May 19,

2015. As of March 22, 2019, which is 1404 days later, this amount totals $66,692.97. Thus, the Court **ORDERS** Century to pay C&I $ $66,692.97 in prejudgment interest.

### 2. Prejudgment Interests owed to Century for The Defense of Lind

Under Pennsylvania law, prejudgment interest is available in breach of contract actions and it accrues at the time performance was due. *Northland Ins. Co. v. Lincoln Gen. Ins. Co.*, No. 04-3472, 2005 WL 2813945 at *4 (3rd Cir. 2005) (unpublished). Pennsylvania law also limits the applicable interest for prejudgment interests in cases of this nature to 6%. *Bodek and Rhodes, Inc. v. Bob Lanier Enterprises, Inc.*, 15-3421, 2016 WL 398079, at *7 (E.D. Pa. Feb. 2, 2016) (citing 41 Pa. Stat. Ann. §202 (West)). As above, both parties stipulate that the starting date for calculation of prejudgment interest is May 19, 2015. (ECF No. 52 at 6, n.2). Additionally, both parties agree to the statutorily-limited 6% interest rate. (ECF No. 52 at 6; ECF No. 53 at 8).

As above, C&I owes Century $444,295.44 for the defense of Lind, and 1404 days elapsed between May 19, 2015 and the entry of this judgment. C&I thus owes Century $102,540.95 in prejudgment interest for the defense of Lind. Thus, the Court **ORDERS** C&I to pay Century $102,540.95 in prejudgment interest.

### IV. CONCLUSION

For the reasons discussed above, this Court finds that Century's duty to defend was triggered on March 26, 2013, and that its policy was exhausted on May 19, 2013. Accordingly, this Court hereby **ORDERS** the parties to reimburse each other in the following amounts, current as of March 22, 2019:

*Century shall reimburse C&I $346,765.43 for the defense of Weston.
*C&I shall reimburse Century $442.295.44 for the defense of Lind.

9

*Century shall pay C&I prejudgment interest in the amount of 66,692.97.

*C&I shall pay Century prejudgment interest in the amount of 102,540.95.

**IT IS SO ORDERED.**

        <u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:   March 22, 2019**